UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-80977-DLB

JOANNA HAGIN and RONALD HAGIN,

    Plaintiffs,
v.

TA OPERATING, LLC d/b/a TRAVELCENTERS,
OF AMERICA and HPT TA PROPERTIES TRUST,

    Defendants.

_____/

**ORDER ON DEFENDANTS' MOTION TO TRANSFER VENUE OR IN THE ALTERNATIVE, UNOPPOSED MOTION FOR CHOICE-OF-LAW DETERMINATION (DE 9)**

THIS CAUSE is before the Court on Defendant TA Operating, LLC d/b/a TravelCenters of America ("TravelCenters") and Defendant HPT TA Properties Trust's ("HPT") (collectively "Defendants") Motion to Transfer Venue/Unopposed Motion for Choice-of-Law Determination. Defendants move to transfer venue to Virginia pursuant to 28 U.S.C. § 1404, arguing it would be more convenient. Alternatively, Defendants move for a choice-of-law determination that Virginia law applies because the alleged injury occurred in Virginia. The Motion is fully briefed and ripe for review.

For the following reasons, Defendants' Motion to Transfer Venue/Unopposed Motion for Choice-of-Law Determination (DE 9) is GRANTED in part and DENIED in part, in accordance with the terms of this Order.

    **I.   Introduction**

This diversity action brought under 28 U.S.C. § 1332 arises out of a trip and fall on Defendants' premises located in Wytheville, Virginia. Plaintiffs Joanna Hagin and Ronald

Hagin have elected the Southern District of Florida as their choice of venue; Defendants seek to transfer venue to the Western District of Virginia, or, alternatively, to have the Court apply Virginia law.[1]  Defendants do not dispute that they are subject to personal jurisdiction in the Southern District of Florida.

## II.   Background

Plaintiffs filed a four-count Complaint (DE 1) seeking damages arising from injuries allegedly incurred by Plaintiff Joanne Hagin ("Ms. Hagin") as the result of a fall on October 2, 2011, at a highway travel center in Wytheville, Virginia, owned by Defendant HPT and operated by Defendant TravelCenters.  Ms. Hagin and her husband reside in Florida; Defendant HPT is a Maryland trust and Defendant TravelCenters is a Delaware limited liability company.  According to Ms. Hagin, she fell while walking through a parking lot at the travel center.  Ms. Hagin asserts claims for negligence (Count 1 against TravelCenters and Count 3 against HPT), and Plaintiff Ronald Hagin asserts claims for loss of consortium (Count 2 against TravelCenters and Count 4 against HPT).

## III.   Analysis

Under 28 U.S.C. § 1404, the Court must make a two-part inquiry to determine if a venue transfer would be proper.  First, the Court must determine whether the alternative venue is one in which the action could have originally been brought.  Second, the Court must balance private and public factors to determine if a transfer is justified. *Mason v. Smithkline Beecham Clinical Labs.*, 146 F. Supp. 2d 1355, 1359 (S.D. Fla. 2001); *Miot v. Kechijian*, 830 F. Supp. 1460, 1465-66 (S.D. Fla. 1993).

---

[1] Plaintiffs do not contest Defendants' request to apply Virginia law.

A.  Alternative Venue

First, the Court must determine whether the action may have been brought in the Western District of Virginia. "If when a suit is commenced, plaintiff has a right to sue in that district, independently of the wishes of defendant, it is a district where the action might have been brought." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960). In this case, Plaintiffs had a right to sue in the Western District of Virginia as it is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). The alleged injuries occurred in the Western District of Virginia; therefore, the action may have been brought there.

B.  Private and Public Interests in Transfer

Second, the Court must determine if the convenience to the parties and witnesses and the interest of justice favor transfer to the proposed alternative forum. To reach this conclusion, the Court must consider:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). For the following reasons, the Court finds that Defendants have not met their burden of establishing the Western District of Virginia as a proper or more convenient venue.

(1)  Convenience of the witnesses

First, the Court considers the convenience of the witnesses. The convenience of the witnesses is considered to be "the single most important factor in the analysis whether a transfer should be granted." *Steifel labs., Inc v. Galderma Labs., Inc.*, 588 F. Supp. 2d

1336, 1339 (S.D. Fla. 2008). Defendants have not demonstrated that the lawsuit requires witnesses who reside in Virginia, which they acknowledge. Additionally, Defendants do not contend that the expert witnesses who live in Virginia are unwilling to travel. Conversely, Ms. Hagin's medical providers work and reside in the Southern District of Florida, the chosen forum. Ms. Hagin has had four surgeries with two surgeons located in Palm Beach County, Florida, and is currently under the care of an additional physician in Palm Beach County for injuries stemming from her accident. Because the Defendants have not demonstrated the lawsuit requires witnesses residing in Virginia or that the necessary expert witnesses are unwilling to travel, this first factor is neutral. A neutral factor weighs against transfer because of the presumption favoring plaintiff's choice of venue. *Watson v. Community Education Centers*, No. 2:10-cv-0078-36SPC, 2011 WL 3516150 at *1, 5 (M.D. Fla. Aug. 11, 2011). Accordingly, the first factor weighs against transfer.

        (2) <u>The location of relevant documents and the relative ease of access to sources of proof</u>

Second, the Court considers the location of the relevant documents. Regarding the relative ease of access to sources of proof, Defendants point out that the property in question, including physical evidence, is located in the Western District of Virginia. However, Defendants concede that, in this age of electronic storage of documents, the location of documents may be a neutral factor. Moreover, as noted by another court in the Southern District, "in the current world of expedited transfer of information, assembly and production of any necessary information can be produced just as easily in any location." *Steifel Laboratories*, 588 F. Supp. 2d at 1340. The Court assumes the same method of using pictures or videos of the evidence and scene would be used in the

Virginia court as in the Florida court; the jury would not travel to the accident scene. If the same method of presenting relevant documents and sources of proof would be used in Virginia as it would in Florida, transfer is not necessary. There will be no inconvenience to the Defendants. Accordingly, this second factor weighs against transfer.

### (3) The convenience of the parties

Third, the Court considers the convenience of the parties. The current forum is convenient for the Plaintiffs because they are residents of Palm Beach County and Ms. Hagin's medical providers are located in Palm Beach County. Furthermore, Defendants are retaining a Florida-based medical expert to independently examine Ms. Hagin. Defendants seek transfer to the Western District of Virginia because they are foreign entities with principal places of business outside of Florida. Transferring venue to the Western District of Virginia would not eliminate any convenience; rather it would merely shift the burden to the Plaintiffs. This factor is neutral when it will merely shift an inability to compel from one party to the other. *Watson*, 2011 WL 3516150 at *16. Accordingly, the third factor weighs against transfer.

### (4) The locus of operative facts

Fourth, the Court considers where the facts giving rise to the suit occurred. "The locus of operative facts refers to the specific action or omissions that gave rise to the cause of action." *Sterling v. Provident Life & Accident Insurance Co.*, 519 F. Supp. 2d 1195, 1204 (M.D. Fla. 2007). The alleged fall occurred in Virginia, and Ms. Hagin contends that Defendants' failure to safely maintain the property caused her to fall. The events giving rise to Ms. Hagin's claim occurred in Virginia. Accordingly, the Fourth factor weighs in favor of transferring venue to the Western District of Virginia.

>    (5) The availability of process to compel the attendance of unwilling witnesses

Fifth, the Court considers the availability of process to compel the attendance of witnesses. Depending on where this case is tried, either party could potentially incur expenses regarding attendance of witnesses. Thus, since transferring the forum from the Southern District of Florida to the Western District of Virginia will only shift expenses from Defendants to Plaintiffs, this fifth factor is neutral. *Watson*, 2011 WL 3516150 at *16. Moreover, courts do not generally "disturb a plaintiff's venue merely to shift inconveniences between the parties." *American Aircraft Sales Int., Inc. v. Airwarsaw, Inc.*, 55 F. Supp. 2d 1347, 1351 (M.D. Fla. 1999). Accordingly, the fifth factor weighs against transfer.

>    (6) The relative means of the parties

Sixth, the Court considers the relative means of the parties. Defendants, working together as a large corporation, may more easily bear travel expenses incurred during litigation than Plaintiffs. Accordingly, the sixth factor weighs against transfer.

>    (7) A forum's familiarity with the governing law

Seventh, the Court considers the forum's familiarity with the governing law. The underlying facts in this case occurred in Virginia; however, Florida courts, especially federal courts sitting in diversity, are capable of applying Virginia state law to a simple tort action. Accordingly, the seventh factor weighs against transfer.

>    (8) The weight accorded a plaintiff's choice of forum

Eighth, the Court considers the amount of deference that should be afforded to Plaintiffs' choice of forum. A plaintiff's choice of forum should not be disturbed unless its choice is clearly outweighed by other considerations. *Robinson v. Giarmarco & Bill,*

*P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). However, a plaintiff's choice of forum may properly be accorded less deference where the forum chosen is not plaintiff's home forum. *Thermal Tech. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1375. (S.D. Fla. 2003). Courts generally uphold a plaintiff's choice of forum, and Defendants argue only that the Western District of Virginia is more convenient for them, which is not persuasive. Accordingly, the eighth factor weighs against transfer.

(9) <u>Trial efficiency and the interests of justice, based on the totality of the circumstances</u>

Lastly, the Court considers trial efficiency and the interests of justice. *Manuel*, 430 F.3d at 1135. It would be more efficient to try this case in the Southern District of Florida than in the Western District of Virginia; Ms. Hagin's medical providers, who may be called as witnesses, are based in Palm Beach County, and Ms. Hagin and her husband reside in Florida. Defendants have not persuaded the Court that trying the case in the Western District of Virginia would promote trial efficiency. Furthermore, the Court is capable of applying Virginia law; thus, the interests of justice will not be adversely affected by trying this case in Florida. Based on the totality of the circumstances, while Defendants may incur inconvenience in traveling to Florida, the balance of the factors weighs against transfer.

Accordingly, Defendants' Motion to Transfer Venue to the Western District of Virginia is denied.

**IV.  Choice of Law**

Alternatively, Defendants move for a choice-of-law determination that Virginia law applies to this tort action. Plaintiffs do not contest this request and agree with the Defendants that the Southern District of Florida is capable of applying Virginia law. A court sitting in

7

diversity will apply the choice of law rules of the forum state which it sits. *Grupo Televisa, S.A. v. Telemundo Comm. Group, Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007). In Florida, choice-of-law questions are resolved according to the "most significant relationship" test. *Bishop v. Fla. Specialty Paint Co.*, 389 So.2d 999, 1001 (Fla. 1980). When determining claims involving torts, both the Eleventh Circuit and the Florida state courts analyze choice-of-law questions by looking to the Restatement (Second) of Conflict of Laws. "General [Tort] Principle" (section 145). In choice-of-law determinations:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>     (a) The place where the injury occurred,
>     (b) The place where the conduct causing the injury occurred,
>     (c) The domicile, residence, nationality, place of incorporation and place of business of the parties, and
>     (d) The place where the relationship, if any, between the parties is centered.

Rest. 2d Confl. § 145. Section 145 advises that "these contacts are to be evaluated according to their relative importance with respect to the particular issue." *Id*. In tort actions "the *situs* of the injury is, under most circumstances, 'the decisive consideration in determining the applicable choice of law.'" *Murphy v. Thorton*, 146 So. 2d 575, 575 (Fla. 1st DCA 1999). The first contact the Court may consider is the place where the injury occurred. In this case, Ms. Hagin alleges that she fell on Defendants' property, which is located in the Western District of Virginia. Secondly, the Court may consider the place where the conduct causing the injury occurred—also the Western District of Virginia. Third, the Court may consider the domicile, residence, nationality, place of incorporation, and place of business of the parties; in this case, Plaintiffs reside in Florida and the Defendants' place of business is in Virginia. Lastly, the Court may consider the place where the relationship between the parties centered. In this case, the

relationship between the parties was formed in Virginia, when Ms. Hagin walked through a parking lot at Defendants' travel center.

Although a second analysis is required in situations where the consideration of the above factors is neutral or inconclusive, in this case, such a second step is unnecessary, since all factors indicate that Virginia law should be applied. Moreover, Plaintiffs do not oppose Defendants' request for the Court to apply Virginia law.

Accordingly, Defendants' Motion for Choice-of-Law Determination is granted. Virginia law shall be applied.

### V. Conclusion

For the forgoing reasons, it is ORDERED that Defendants' Motion to Transfer Venue is DENIED and Defendants' Motion for Choice-of-Law Determination is GRANTED, both in accordance with the terms of this Order.

DONE AND ORDERED this 9th day of April, 2014.

_____
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE